UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWARD SUMMERS,

        Petitioner,

v.                                        Case No. 3:15-cv-1159-J-32PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

## ORDER

### I. Status

Petitioner initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) on September 24, 2015.[1] He challenges a 2010 state court (Duval County, Florida) judgment of conviction for lewd or lascivious molestation. He is serving a total term of imprisonment of 25 years. Respondents contend that the Petition was untimely filed, and therefore, this case must be dismissed. See Motion to Dismiss (Doc. 9).[2] Petitioner filed a Reply (Doc. 11). The case is ripe for review.[3]

---

[1] The Court applies the mailbox rule to Petitioner's pro se filings. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] The Court cites to the Respondents' exhibits as "Ex."

[3] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

### III. Analysis

After Petitioner pled guilty, the circuit court entered judgment against him on April 29, 2010. Ex. D. Petitioner did not file a direct appeal; therefore, his conviction became final thirty days later on June 1, 2010.[4] The following day, June 2, 2010, Petitioner's federal one-year period of limitations began to run, and it ran for 152 days until Petitioner filed a motion for post-conviction relief on November 1, 2010.[5] Ex. G at 1-11. The circuit court denied Petitioner's request for post-conviction relief on February 14, 2014. Id. at 42-45. Petitioner appealed, and the First District Court of Appeal per curiam affirmed the denial of post-conviction relief on September 30, 2014. Ex. J. The mandate issued on October 28, 2014. Ex. K. After the mandate issued, Petitioner filed a motion for rehearing, which was summarily denied on January 9, 2015. Ex. L. Giving Petitioner the benefit of every doubt, his federal one-year limitations period expired 213 days later–at the latest–on August 11, 2015. The Petition, filed on September 24, 2015, is untimely.

It is well-settled that "[w]hen a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S. Ct. 830 (2017). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell,

---

[4] The thirtieth day was Saturday, May 29, 2010. The next non-weekend, non-holiday date was Tuesday, June 1, 2010.

[5] Petitioner signed the motion on November 1, 2010, although it was not docketed until November 8, 2010. See Ex. G at 1-11.

587 F.3d 1304, 1308 (11th Cir. 2009), cert. denied, 138 S. Ct. 1042 (2018). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

Petitioner asserts that any untimeliness "should be excused due to the Petitioner's psychiatric condition where he has been diagnosed as suffering from schizophrenia, which constitutes a valid excuse to any possible filing delays." Reply at 3. Petitioner's generalized assertion regarding his mental health condition, unaccompanied by a showing that his mental health affected his ability to timely file, is insufficient to warrant the extraordinary remedy of equitable tolling. Petitioner also has not alleged or made a sufficient showing to warrant application of the actual innocence exception. Because Petitioner has failed to show an adequate reason why the dictates of the one-year limitations period should not be imposed upon him, this case is due to be dismissed with prejudice as untimely. Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely filed.

2. The Clerk shall enter judgment dismissing the case with prejudice and close the file.

3. If Petitioner appeals, the Court denies a certificate of appealability.[6] The Clerk shall terminate any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of May, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/7
c:
Edward Summers, #R58400
Counsel of Record

---

[6] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.